UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WILFRED NORRIS,**

    **Plaintiff,**

**v.**                                                          Case No: 5:19-cv-430-Oc-37PRL

**SUNTRUST BANKS, INC.,**

    **Defendant.**

## ORDER

This case is before the Court for consideration of Defendant's motion to strike Plaintiff's demand for a jury trial (Doc. 27), to which Plaintiff has responded in opposition (Doc. 30). For the reasons explained below, Defendant's motion is due to be granted.

### I. BACKGROUND

In this action, Plaintiff brings suit alleging violations of the Telephone Consumer Protection Act (TCPA) and the Florida Consumer Collection Practices Act (FCCPA), as well as related tort claims. Plaintiff's claims arise from accounts that Plaintiff maintained with Defendant SunTrust Banks, Inc. (SunTrust), including a term loan evidenced by a promissory note and a credit card account. Both the promissory note and the credit card account agreement include a jury trial waiver wherein Defendant contends Plaintiff agreed to waive his right to trial by jury on any claims arising from the accounts. Defendant thus moved to strike Plaintiff's demand for a jury trial.

### II. LEGAL STANDARDS

It is well settled that the right to a jury trial in federal courts is to be determined by federal law in diversity actions. *Simler v. Conner*, 372 U.S. 221, 222 (1963) ("Only through a

holding that the jury trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be achieved."). The question of whether the right has been waived is likewise governed by federal law. *Martorella v. Deutsche Bank Nat. Trust Co.*, No. 12-80372-CIV, 2013 WL 1136444, at *1 (S.D. Fla. March 18, 2013).

The Eleventh Circuit has instructed that waivers of valid jury demands are not to be lightly inferred and "should be scrutinized with utmost care." *Haynes v. W.C. Caye & Co., Inc.*, 52 F.3d 928, 930 (11th Cir. 1995). However, when a jury trial is validly waived, courts regularly mandate the enforcement of the waiver. *See e.g., Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823-24 (11th Cir. 2006); *Martorella,* 2013 WL 1136444, at *1-4; *Anderson v. Apex Fin. Group, Inc.*, No. 8:08-cv-949-T-30MSS, 2008 WL 2782684, at *1-2 (M.D. Fla. July 16, 2008). A party may waive his right to a jury trial, so long as the waiver is knowing and voluntary. *Bakrac, Inc.*, 164 F. App'x at 823-24.

In determining whether a waiver was entered into knowingly and voluntarily, courts consider the conspicuousness of the waiver provision, parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable. *Id*. No single factor is conclusive; rather, the Court asks whether, "in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Allyn v. Western United Life Assur. Co.*, 374 F.Supp.2d 1246, 1252 (M.D. Fla. 2004).

### III.  DISCUSSION

#### A.  Local Rule 3.01(g)

As a preliminary matter, Plaintiff first argues that, prior to filing its motion to strike the jury demand, Defendant failed to comply with the Local Rules and should have its motion stricken and sanctions imposed. Plaintiff contends that Defendant failed to confer with counsel for Plaintiff

in a good faith attempt to resolve the issues raised by the motion, and that Plaintiff's counsel was "surprised" by the notice that the motion was filed. Meanwhile, Defendant filed a certificate of compliance with Local Rule 3.01(g) stating that it conferred in good faith regarding the jury waiver issue during the case management conference held on October 28, 2019, and that the parties were unable to reach an agreement on the issue as reflected in the case management report. (Doc. 31). It thus appears that the jury trial waiver issue was discussed and not resolved by counsel during the case management conference, but it is apparently Plaintiff's position that Defendant's counsel should have conferred again under Rule 3.01(g) immediately prior to filing the motion.

Local Rule 3.01(g) provides that "[b]efore filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion." The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 878 (M.D. Fla. 1996). Further, the term "communicate" has been defined as "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n. 1(M.D. Fla. Aug. 14, 2000). The Court expects counsel to comply with both the letter and spirt of Local Rule 3.01(g).

On principle, the Court agrees with Plaintiff's position. In this case, rather than resting on efforts made during the case management conference, compliance with both the letter and spirit of

Local Rule 3.01(g), as well as best practices, would have required counsel for Defendant to confer again in good faith, either in person or by telephone, regarding the jury trial waiver issue prior to filing the motion to strike, including the specific communication that Defendant intended to file the instant motion. That said, the Court has considered the utility in requiring an additional Rule 3.01(g) conference now and finds that, given the legal positions of the parties, it is more efficient for the Court to resolve the matter on the parties' briefs at this time. Going forward, counsel should strive to fully comply with both the letter and spirit of Local Rule 3.01(g).

### B. Waiver of Right to Jury Trial

Here, the record demonstrates that the right to a jury trial was knowingly and voluntarily waived by Plaintiff as to both accounts. First, the jury trial waiver contained in the credit card account agreement was plain and conspicuous. Under the heading, "Jury Trial Waiver," the credit card account agreement bears the following clause which is set forth in its own paragraph in uppercase font (unlike the majority of the other text):

> YOU AND SUNTRUST HEREBY KNOWINGLY, VOLUNTARILY, INTENTIONALLY AND IRREVOCABLY WAIVE THE RIGHT TO A TRIAL BY JURY WITH RESPECT TO ANY LITIGATION ARISING OUT OF THIS AGREEMENT, RELATING TO THE CREDIT, OR ANY OTHER DISPUTE OR CONTROVERSY BETWEEN YOU AND SUNTRUST.

(Doc. 27-2). This clause is included in its own clearly identified and separately headed section. In context, it is part of the credit card account agreement which includes a summary of key terms. Although not brief, the document is also not voluminous. While there is no signature page attached to the credit card account agreement itself, the terms also clearly explain that using the card constitutes an acceptance of the terms:

> Your Card Account Agreement with SunTrust starts and You agree to these terms when You accept and/or sign the Card or You or an Authorized User use(s) the Card or Account, thus obtaining credit from SunTrust.

(Doc. 27-2).

Likewise, the promissory note contains a similar provision. On the third page of the document, just a few paragraphs away from Plaintiff's signature, there is a separate paragraph in all uppercase font titled, "JURY TRIAL WAIVER." It provides:

> TO THE EXTENT PERMITTED BY APPLICABLE LAW, FOR ANY MATTERS NOT SUBMITTED TO ARBITRATION, YOU AND WE HEREBY KNOWINGLY, VOLUNTARILY, INTENTIONALLY AND IRREVOCABLY WAIVE THE RIGHT TO A TRIAL BY JURY IN RESPECT TO ANY LITIGATION ARISING OUT OF THIS AGREEMENT, NOTE OR SECURITY INSTRUMENT, RELATING TO THE CREDIT, OR ANY OTHER DISPUTE OR CONTROVERSY BETWEEN YOU AND US OR ANY OF OUR EMPLOYEES, OFFICERS. DIRECTORS, PARENTS, CONTROLLING PERSONS. SUBSIDIARIES, AFFILIATES, SUCCESSORS AND ASSIGNS.

(Doc. 27-1). In addition, in conspicuous all uppercase font directly above Plaintiff's signature on the promissory note, an additional provision states as follows:

> PRIOR TO SIGNING THIS NOTE, I READ AND UNDERSTOOD ALL OF THE PROVISIONS OF THIS NOTE. I AGREE TO THE TERMS OF THE NOTE. I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSIORY NOTE AND DISCLOSURE.

(Doc. 27-1). Like the credit card account agreement, the promissory note and disclosure is not voluminous; it is four pages in length. As mentioned, Plaintiff inserted his signature directly below this provision.

Therefore, the waiver provisions at issue were not buried in the text of the documents in which they were executed. Nor are the provisions cryptic or ambiguous in nature. Rather, the waiver provisions are sufficiently straightforward, understandable, and conspicuous as to allow Plaintiff to be aware of them, to read them, and to appreciate their meaning. *See Murphy v. Cimarron Mortg. Co.,* No. 8:06-cv-2142-T-24TBM, 2007 WL 294229, at *2 (M.D. Fla. Jan. 29,

2007); *Allyn v. Western United Life Assurance Co.,* 347 F.Supp.2d 1246, 1252-53 (M.D. Fla. 2004). The Court disagrees with Plaintiff's contention that the waivers were not conspicuous.

Next, Plaintiff argues that there is a large disparity between the sophistication and experience of the parties entering into the contact. Plaintiff argues he is 75 years old and an elderly man with a high school education, while Defendant is an enormous financial institution with billions of dollars in assets. Plaintiff also contends that there was no opportunity to negotiate the terms, that Defendant held all the bargaining power, and that Plaintiff did not have attorney representation.

While Plaintiff contends (perhaps accurately) that he was less sophisticated than Defendant, he does not contend that he actually misunderstood or was incapable of understanding the loan and credit card agreements. To the contrary, his age and the fact that he entered into two agreements with SunTrust suggests the likelihood that during his lifetime he has had experience with similar agreements. Indeed, Defendant represents that Plaintiff held multiple accounts with SunTrust and thus suggests Plaintiff cannot be considered unsophisticated when it comes to creating and maintaining installment loan and credit card accounts. (Doc. 27, p. 4). Further, Plaintiff's arguments ignore the fact that he was under no obligation to seek credit or financing from SunTrust in this case. *See Collins v. Countrywide Home Loans, Inc*., 680 F.Supp.2d 1287, 1295 (M.D. Fla. 2010) ("a term in a contract waiving a party's right to a jury trial is not unenforceable even though one party to a contract is a large corporation and the other party is simply an individual who is in need of the corporation's services"). Defendant argues that Plaintiff was afforded an opportunity to review the terms of both agreements and could have simply walked away if the terms were unacceptable. *See Oglesbee, v. IndyMac Fin. Servs., Inc*., 675 F. Supp. 2d 1155, 1157 (S.D. Fla. 2009) (enforcing a contractual waiver of right to jury trial). While Plaintiff

cites to general legal standards and attempts to distinguish a few of the cases cited by Defendant, he offers no legal authority whatsoever suggesting that waivers similar to the ones presented in this case are unenforceable.

Considering, as the Court must, the totality of the circumstances, the Court cannot conclude that the waiver provisions are "unconscionable, contrary to public policy, or simply unfair." *Allyn v. Western United Life Assur. Co.*, 374 F.Supp.2d 1246, 1252 (M.D. Fla. 2004). The Court finds that the jury trial waiver provisions in this case are enforceable. *See Collins v. Countrywide Home Loans, Inc.*, 680 F.Supp.2d 1287, 1294 (M.D. Fla. 2010).

## IV. CONCLUSION

For the reasons explained above, Defendant's motion to strike jury demand (Doc. 27) is due to be GRANTED, and Plaintiff's demand for a jury trial contained in the complaint shall be deemed STRICKEN.

**DONE** and **ORDERED** in Ocala, Florida on February 3, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties